FILED
CLERK, U.S. DISTRICT COURT
5/26/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>DENNIS GUERRA,<br><br>　　　　　Defendant. | CR 2:23-cr-00260-RGK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 922(g)(1), 924(e)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. §§ 922(g)(1), 924(e)(1)]

On or about April 1, 2023, in Los Angeles County, within the Central District of California, defendant DENNIS GUERRA knowingly possessed ammunition, namely, approximately four rounds of CBC Global Ammunition 9mm Luger caliber ammunition, which were contained inside a 9mm caliber semiautomatic pistol bearing no serial number (commonly referred to as a "ghost gun"), and one round of Winchester 9mm Luger caliber ammunition, in and affecting interstate and foreign commerce.

Defendant GUERRA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091717, on or about April 18, 2006;

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091718, on or about May 2, 2006;

3. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091927, on or about May 2, 2006;

4. Being a Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number VA140036, on or about September 29, 2015;

5. Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court for the State of California, County of Los Angeles, Case Number VA145493, on or about August 16, 2017;

6. Resisting an Executive Officer, in violation of California Penal Code Section 69, in the Superior Court for the State of California, County of Los Angeles, Case Number VA145493, on or about August 16, 2017; and

7. Attempted Robbery, in violation of California Penal Code Sections 664 and 211, in the Superior Court for the State of California, County of Los Angeles, Case Number GA114021, on or about March 7, 2023.

Such possession occurred after defendant GUERRA had been convicted of the following violent felonies, as defined in Title 18, United States Code, Section 924(e)(2), which were committed on occasions different from one another:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091717, on or about April 18, 2006;

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091718, on or about May 2, 2006; and

3. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number VA091927, on or about May 2, 2006.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                          /S/
                                      Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAURA A. ALEXANDER
Assistant United States Attorney
General Crimes Section